UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-08-237-01 |
| OSCAR NAVA-VALENCIA<br>also known as Lobo<br>also known as Tierno | § § § § | |

## **PLEA AGREEMENT**

The United States of America, by and through Kenneth Magidson, United States Attorney for the Southern District of Texas, and James Sturgis, Assistant United States Attorney, and the defendant, OSCAR NAVA-VALENCIA, and the defendant's counsel, pursuant to Rules **11(c)(1)(A) and 11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1. The defendant agrees to plead guilty to Count One of the Indictment and pay a fine of $4,000,000. Count One charges the defendant with **Conspiracy to Distribute for the Purpose of Unlawful Importation, more than five kilograms of cocaine, a Schedule II controlled substance**, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(B) and 963. The defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment or sentence either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for each violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(B) and 963, **to include a mandatory minimum term of imprisonment of ten (10) years,** to imprisonment for life and a fine of not more than $4,000,000 dollars. Additionally, the defendant may receive a term of supervised release after imprisonment of at least 5 years. Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a)(1) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

4. Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any is ordered.

5. Defendant agrees that any fine or restitution imposed by the Court will be due and

payable immediately, and defendant will not attempt to avoid or delay payment.

6. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so. In the event that the Court imposes a fine or orders the payment of restitution as part of the defendant's sentence, the defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his sentencing. Further, the defendant agrees to full restitution to any victim(s) regardless of the counts of conviction.

## Potential Immigration Consequences

7. The defendant understands if he is not a citizen of the United States, the defendant's plea of guilty to Count One will result in a criminal conviction that could lead to the defendant's subsequent deportation, removal and/or exclusion from the United States. This conviction could also lead to the defendant being permanently barred from legally entering the United States after being deported or removed. In addition, the defendant's attorney has advised the defendant of the potential immigration consequences that could come about as a result of the defendant's plea of guilty to Count One. After understanding the potential immigration consequences of pleading guilty to Count One, the defendant still wishes to plead guilty as detailed in this plea agreement.

## Cooperation

8. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines. The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should the defendant's cooperation, if any, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States

reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the <u>Sentencing Guidelines Manual</u>. This plea agreement does not require the defendant to cooperate, but should the defendant wish to do so the defendant agrees to persist in his guilty plea through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets as contemplated in paragraphs 19 and 20 of this agreement. The defendant understands and agrees that the United States may request that sentencing be deferred until any cooperation the defendant may provide is complete.

9.  The defendant understands and agrees that "fully cooperate" as used herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to any other individuals involved in drug trafficking in violation of the Controlled Substances Act or drug trafficking-related money laundering. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation.

(f) Should the recommended departure, <u>if any</u>, not meet the defendant's expectations, the defendant understands he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal

10. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the conviction and the sentence imposed or the manner in which it was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

11. In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the <u>United States Sentencing Guidelines</u> are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

12. The defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

13. The United States agrees to each of the following:

(a) If defendant pleads guilty to Count One of the Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Indictment pending against the defendant at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c) If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), and the offense level is 16 or greater, the United States may move the court for an additional one level departure based on the timeliness of the plea which allowed the government to efficiently allocate its resources.

## United States' Non-Waiver of Appeal

14. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C. § 3553(a); and,

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

15. Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

16. Defendant represents to the Court that he is satisfied that his attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

- (a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

- (b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he could testify on his own behalf.

**Factual Basis for Guilty Plea**

17. Defendant is pleading guilty because he <u>is</u> guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each element of this offense beyond a reasonable doubt. The following facts, among others, would be offered to establish the defendant's guilt:

a. During late 2005 and early 2006, Rodrigo Mora-Mondragon agreed with the Defendant, Oscar Nava-Valencia, and his associate to transport approximately 1,250 kilograms of cocaine from Panama to Mexico. Mora-Mondragon, the Defendant, and his associates agreed that the cocaine would be secreted in roofing tiles and shipped to Mexico. Once the cocaine arrived in Mexico, the Defendant was to take custody of it and divide it amongst several individuals. The Defendant intended to distribute a portion of the cocaine, totaling more than five (5) kilograms, to persons who the Defendant knew were going to illegally import the cocaine into the United States.

b. Throughout the beginning of 2006, Mora-Mondragon received approximately 3,100 kilograms of cocaine from several sources, including the 1,250 kilograms which were to be received by the Defendant. However, in late March 2006, thieves raided the warehouse in Panama City, Panama where Mora-Mondragon was storing the cocaine and stole approximately 1,020 kilograms before law enforcement authorities were notified. On March 27, 2006, Panamanian authorities seized the remaining 2,080 kilograms of cocaine from the warehouse.

c. Following the theft and seizure of the 3,100 kilograms of cocaine, Mora-Mondragon agreed to pay the Defendant and others for the loss.

## Breach of Plea Agreement

18.  If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

## Forfeiture

19.  This plea agreement is being entered into by the United States on the basis of defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees to forfeit whatever interest he may have in assets related to **drug trafficking activities,** including any assets listed in the Indictment.

20.  Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of defendant's assets to deliver all funds and records of such assets to the United States.

## Complete Agreement

21. This written plea agreement, consisting of 12 pages, including the attached addendum of defendant and his attorney, constitutes the complete plea agreement between the United States, defendant and his counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he is guilty.

22. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on June 15, 2012.

_____
OSCAR NAVA-VALENCIA
Defendant

Subscribed and sworn to before me on June 15, 2012.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____           _____
James Sturgis                                              Mervyn Milton Mosbacker, Jr.
Assistant United States Attorney              Attorney for Defendant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-08-237-01 |
| OSCAR NAVA-VALENCIA<br>also known as Lobo<br>also known as Tierno | § § § § | |

**PLEA AGREEMENT - ADDENDUM**

I have fully explained to defendant his rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Mervyn Milton Mosbacker, Jr.
Defense Counsel

_____
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____       June 15, 2012
OSCAR NAVA-VALENCIA                                Date
Defendant