IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

DEC 20 2021

Nathan Ochsner, Clerk of Court

Oscar Nava-Valencia,

Petitioner,

vs.                         Criminal No: 4:08-cr-00237-1

United States of America,

Defendant

_____/

## REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION
## TO THE MOTION FOR REDUCTION OF SENTENCE

*COMES NOW*, Oscar Nava-Valencia, hereinafter known as petitioner, in pro se forma, respectfully submits this Reply after the government filed its Response in Opposition to the Motion Reduction of Sentence under Amendment 782 and 788. (Dkt No: 74) In support thereof petitioner avers as follows:

1- The government in its response, adduced the court correctly calculated his base offense level and considered the quantity of drugs involved. (See, Response at page 1) Therefore, the government stated the sentencing guideline was **39** at the time the sentence was imposed. Petitioner original petition implied the guideline range should have been **37** for an offense involving 150 or more kilos of cocaine.

1

2- The district court, at the time the sentence was imposed, set the guideline range at 39, based on a quantity of drugs of 450 kilos of cocaine. The current drug table requires a quantity of drugs of 150 kilos of cocaine for the same range. (See, new guideline table) Thus, if petitioner was sentence today at level 39 the correct guideline range should be <u>36</u> instead of 39. The district court, if petitioner was sentence today, should consider the guidelines has significantly reduced the amount of drugs from the original guideline range used at the sentencing phase in 2014. (See, Judgment)

3- As previously stated, in the original petition, on April 10, 2014, the United States Sentencing Commission voted unanimously to reduce the applicable sentencing guideline range for most federal drug trafficking offenses. The amendment often referred to as the "*Drugs Minus Two Amendment*," reduced by two levels the base offense levels assigned by the Drug Quantity Table for each drug quantity, across all drug types. The Drugs minus Two Amendment was the third significant reduction in drug penalties made by the Commission.

4- Furthermore, in 2010, the Commission incorporated the statutory penalty reductions provided by the Fair Sentencing Act of 2010 (the "FSA") into the Drug Quantity Table (the "FSA Guideline Amendment"). The Commission voted to give retroactive effect to the guideline amendment in both instances and followed each with a study on the effect of retroactivity on recidivism. Both times the Commission found no statistically significant difference between the recidivism rates for offenders who received a sentence reduction and offenders who had served their full sentences before the

guideline reductions took effect. Petitioner had served more than 75 percent of his sentence with no incident reports. The Amendment should apply to petitioner, and the district court has jurisdiction to reduce the sentence originally imposed.

5- Petitioner, re avers, it is well settled that pro se litigants generally are entitled to a liberal construction of their pleadings; which should be read 'to raise the strongest arguments that they suggest.' See, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); see generally *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (per curiam). Pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)

6- Petitioner avers, with the protections afforded in *Haines vs. Kerner*, and based on the weight estimates (never determined by a jury) established in the pre-sentence report, he is entitled to the relief afforded in Amendment 782 and its retroactive application and the FSA. The court has jurisdiction to determine and modify the sentence originally imposed in the instant case. See, statement §1B1.10 (Reduction in Term of Imprisonment); see also, (Policy Statement), as promulgated by the Commission on June 30, 2011. See also, the First Step Act and Congress view of rehabilitation.

7- More so, amendment 782 (in combination with amendment 788) reduced by two levels the offense levels assigned to the quantities that trigger the statutory mandatory minimum penalties in §2D1.1, and made parallel changes to §2D1. The overarching purpose of § 3582(c)(2) — to impose the sentence the defendant would have received if the revised Guidelines had applied at the time of his sentencing — also militates in favor

3

of a reduction. If the revised Guidelines were in place at the time petitioner was sentenced, his offense level would have been 37, and his criminal history category would have stayed at I. This would have placed him in the guideline range of **210 to 262** months instead of the 262 to 327 range used at sentencing.

8- Accordingly, the district court should now determine whether petitioner's term of imprisonment was "based on a sentencing range that has subsequently been lowered." (18 U.S.C. § 3582(c)(2)). "For a sentence to be 'based on' a lowered Guidelines range, the range must have at least played 'a relevant part in the framework the sentencing judge used' in imposing the sentence." See, Koons v. United States, 138 S. Ct. 1783, 1788 (2018) (brackets omitted) (quoting Hughes v. United States, 138 S. Ct. 1765, 1778 (2018)) "The Guidelines range will often play that part, for district judges must calculate the defendant's advisory range and then will frequently tie the sentence they impose to that range. See also, *United States v. Israel Lopez Jr,* No: 17-50806 (5th Cir 2021)

9- Additionally, the court in determining whether, and to what extent, a reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582(c) (2) and this policy statement is warranted; the court shall consider the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. See, *Pepper v. US*, 131 S. Ct. 1229 (2011); *Rita v. US*, 551 US 338 (2007); *Freeman v. United States*, 131 S.Ct. 2685, 2697-98 (2011).

10- In *Koons*, the Supreme Court considered whether defendants satisfied this threshold eligibility requirement. Critically, Guidelines section 5G1.1 provides that "[w]here a

statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." In *Koons*, in "each of petitioners' cases, the top end of the Guidelines range fell below the applicable mandatory minimum sentence, and so the [lower] court concluded that the mandatory minimum superseded the Guidelines range."

11- The new guideline range, since Amendment 782 and 788 were implemented, clearly affects the sentence imposed by the district court. Also, has the effect of significantly lowering the sentence. Petitioner plea agreement contained the following stipulations. The original base offense level of **39** according to government's assertion; but today should be **37**. The amended level plus a Criminal History I has a sentencing guideline from 210 to 262 months. The district court, applying the new guideline range, its new discretion, and petitioner's post-conviction rehabilitation, should lower the original sentence imposed accordingly.

12- In the instant case, after granting the government's motion for downward departure, the district court determined that petitioner's guideline range was **262** months (the lower end of the Guidelines range) to 327months (the statutory maximum). Thus, the guideline range was "a relevant part of the reasoned framework the judge used to determine the sentence." The Government's motion for downward departure was framed in terms of a departure from total offense levels. The district court here explicitly relied on petitioner's initial guideline range in calculating the level of departure requested by the government. Therefore, petitioner has met the threshold "based on" requirement.

5

13- Moreover, the amendment (minus two) in combination to amendment 780 created a special rule for determining the revised guideline range for defendants like Carter—those who were subject to a statutory minimum penalty when originally sentenced but were relieved of that statutory minimum because of the government's motion for substantial assistance. The rule holds that when an offender is thereby eligible for a sentence below a statutory minimum, the defendant's guideline range when he seeks a sentence reduction under § 3582(c)(2) "shall be determined without regard" to the statutory minimum.( See U.S. Sent'g Guidelines Manual § 1B1.10(c) (U.S. Sent'g Comm'n 2014). In essence, the statutory minimum does not supersede the "initial guideline range"—therefore, the "guideline range applicable" to the defendant is the "initial guideline range," not the "guideline sentence.

14- In support to motion filed by petitioner, two cases from neighboring circuits provide further support for our conclusion: See, *In re Sealed Case* ,722 F.3d 361 (D.C. Cir. 2013); and *United States v. Savani,* 733 F.3d 56 (3d Cir. 2013) In *In re Sealed Case*, the D.C. Circuit held that the defendant was eligible for a sentence reduction despite the presence of a statutory minimum. The Government argued, similar to the Government's argument today, that "a mandatory minimum 'guideline sentence' does not just defeat a defendant's 'applicable guideline range'; it becomes the defendant's applicable guideline range." (emphasis in original)The court held that the defendants were eligible for a reduction, in part because the "plain language" of the Guidelines "distinguishes between an 'applicable guideline range' and a 'guideline sentence.'"

15- The D.C. Circuit explained, "A sentencing court uses a defendant's offense level and

6

criminal history category to find a guideline range at step seven of the Application Instructions . . . prior to determining whether a mandatory minimum applies at step eight." Id. A "mandatory minimum cannot 'correspond to' [a defendant's] offense level and criminal history category under the Guidelines because it is a creature of statute, unaffected by those variables." Id. (citing *Savani*, 733 F.3d at 63 n.5) Further, in Application Note 1(A) of § 1B1.10, the Sentencing Commission defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a) . . . ." *Savani, supra,* 733 F.3d at 62-63. (Emphasis in original)

16- Pristinely clear, the overarching purpose of § 3582(c)(2) — to impose the sentence the defendant would have received if the revised Guidelines had applied at the time of his sentencing — also militates in favor of a reduction.( See USSG § 1B1.10(b)(1) ("[T]he court shall determine the amended guideline range that would have been applicable to the defendant if the [revised Guidelines] had been in effect at the time the defendant was sentenced."). Indisputably, if the revised Guidelines were in place at the time petitioner was sentenced; his offense level would have been <u>37</u>. This would have placed him in the guideline range of 210 to 262 months. Therefore, the Government position, not to grant the motion for reduction of sentence, runs afoul from the above cited cases and recent Fifth Circuit Court case law.

17- Petitioner meets the criteria for a sentence reduction because the original guideline range has been lowered. Section 3582(c)(2) requires that the extent of the sentence "reduction [be] consistent with applicable policy statements issued by the Sentencing

7

Commission." § 3582(c)(2). Today after the FSA and recent district court decisions should overcome the original hurdle posed by the government in 2016. Moreover, both considerations fall within these factors, confirming the district court considered the § 3553(a) factors.

18- Likewise, petitioner's original guideline range was higher than the one today recommended under the new instituted Amendment 782, 788, and First Step Act. Now under the amendment(s) mention above, his new guideline range should be reduced in accord with the Sentencing Commission directive. Furthermore, as stated herein, when evaluating a 3582 (c) motion the district court is required to consider other guidelines provisions like the **post- conviction rehabilitation** and other 3553 (a) factors.

19- In *Pepper*, Justice Sotomayor explained that over the history of federal sentencing reform, sentencing courts have been permitted to consider the widest possible breadth of information about a defendant. Also, the court recognized that although the SRA constrained the discretion of district courts in various ways, the Court's cases since *United States v. Booker* made the formerly mandatory system effectively advisory.

20- Therefore, district courts could now consider evidence of post-sentencing rehabilitation to support a downward variance from the guidelines. See, *US v. Gall*, 128 S. Ct. at 597(2007) (noting that in considering the latter, reviewing courts must take into account the "totality of the circumstances"); see also, *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (Appellant has the burden of establishing that his sentence is unreasonable in light of the record, the purposes of a criminal sentence as set out in 18 U.S.C. § 3553(a)(2)(A)-(C), and the other sentencing factors of § 3553(a)).

21- In reference to the 3553 (a) factors the Court in *Rita*, supra, noted that "... the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives, the one, at retail, the other at wholesale." Second, the Court discussed the process that the Commission used to initially promulgate and subsequently amend the guidelines, concluding that the guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice" and that they "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Id.*

22- Petitioner a first time offender has served almost **fourteen (14) years** in prison of the originally imposed sentence. The reduction of sentence amendment and recent Court's discretion should favor petitioner request. Most importantly, this Honorable Judge should consider if today similarly situated defendants would receive the same sentence.

23- Similarly, the First Step Act enacted in 2018, is consequential since it included provisions for meaningful sentencing reform, which would reduce the number and amount of people in prison and is part of the starting point of any serious legislation for criminal justice reform. Sentencing laws played a central role in the rise of mass incarceration in recent decades. The federal prison population, in particular, has risen by more than 700 percent since 1980, and federal prison spending has increased by nearly 600 percent. That growth has disproportionally affected African Americans, Native Americans, and Latinos. Petitioner comes from a disadvantage Latino society.

24- In the instant case, when petitioner was sentenced, the "overall guideline calculus" and the "sentencing range actually used at sentencing" was higher than the one

9

authorized by the jury verdict. Today after Amendment 782, and recent First Step Act decisions, should favor that petitioner's sentencing range has been lowered and this modification should allow the sentencing court to resentence accordingly.

25- Today, petitioner is a changed man. Above all, his post-conviction rehabilitation is indicative that petitioner deserves a second chance. The BOP unfavorable conditions posed since the Covid-19 outbreak posed a high risk for petitioner. Also, a new variant (Omicron) of the virus has recently entered the United States increasing the risks of losing his live. Finally, if the Court deems necessary, an evidentiary hearing should be conducted to assess the rehabilitation and other mitigating factors, as mention here, relevant to the instant case.

 **WHEREFORE**, for the foregoing reasons and case law cited herein, petitioner prays this Honorable Court grants the relief seek herein. Also, vacates the sentence and conviction imposed according to the provisions reforms mention above, and/or grants any other relief this Court deems proper.

Filed the __16__ day of December 2021

              Respectfully submitted,

              Oscar Nava-Valencia
              Petitioner Pro Se

# CERTIFICATE OF SERVICE

*I HEREBY CERTIFY,* under penalty of perjury that the following "Reply Motion for Reduction of Sentence" filed under Title 21 USC 3582 (c) to reduce sentence is true and correct. A copy of the foregoing petition was mailed first class pre-paid to the Assistant United States Attorney's Office Southern District of Texas 1000 Louisiana, Ste. 2300 Houston, TX 77002

Oscar Nava-Valencia
Register No: **84193-279**
Butner Medium I - FCI
P.O. BOX 1000
Butner, NC 27509

#84193-279
FCI Butner, Medium 1
Federal Correctional Institution
P.O. Box 1000
Butner, NC. 27509

United States Courts
Southern District of Texas
FILED

DEC 20 2021

Nathan Ochsner, Clerk of Court