United States District Court
Southern District of Texas
**ENTERED**
December 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CR. NO. H-08-237 |
| | § | |
| OSCAR NAVA-VALENCIA | § | |

## ORDER

Pending is Defendant's motion for a reduction in sentence based on Amendments 782 and 788 of the United States Sentencing Guidelines. Doc. No. 72. The Government opposes this motion, arguing that Defendant is not eligible for a reduction based on the amendments because they do not decrease his base offense level.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a sentence when it is for "'a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . .'" United States v. Hernandez, 647 F. App'x 426, 427 (5th Cir. 2016) (citing section 3582(c)(2)). "Sentencing Guidelines Amendment 782 became effective November 1, 2014" and "modified the drug-quantity table in Section 2D1.1 of the Guidelines by lowering most drug-related base offenses by two." United States v. Morgan, 866 F.3d 674, 675 (5th Cir. 2017). In considering a § 3582(c)(2) motion, a court first determines whether a defendant is eligible for a sentence modification and then

considers whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction. Id. (citing Dillon v. United States, 130 S. Ct. 2683, 2691 (2010)). To obtain a sentence reduction, "a defendant must show the amendment actually lowered the applicable Guidelines range." Id. at 676.

Defendant cannot show that the amendments lowered his applicable Guidelines range. Defendant was held responsible for 3,100 kilograms of cocaine, which resulted in a base offense level of 38 at the time of sentencing. Under the amendments at issue, the current Drug Offense Table requires that at least 450 kilograms be involved in the criminal transaction to obtain a base offense level of 38. See U.S.S.G. § 2D1.1(c) (amended Nov. 1, 2014). Defendant's involvement with 3,100 kilograms of cocaine greatly exceeds this amount and, therefore, did not decrease his base offense level. Hence, the amendments "did not have the effect of lowering [his] applicable guidelines range." Morgan, 866 F.3d at 677. Defendant fails to demonstrate that he is eligible for a sentence reduction under the November 1, 2014, amendments to the Sentencing Guidelines.

Accordingly, it is hereby

**ORDERED** that Defendant's motion for reduction in sentence based on Sentencing Guideline Amendments 782 and 788 (Doc. No. 72) is **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas on this 5TH day of December, 2023.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE